LAW OFFICES
## McCOLLUM & ASSOCIATES, LLC
7309 BALTIMORE AVENUE - SUITE 117
COLLEGE PARK, MARYLAND 20740
(301) 864-6070, VOICE   (301) 864-4351, FACSIMILE
jmccollum@jmlaw.net

DISTRICT OF COLUMBIA
MARYLAND
NORTH CAROLINA
**VIA CM/ECF**

August 21, 2019

The Honorable Theodore D. Chuang
United States District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:     Eller v. Prince George's County Public Schools, et al.; 8:18-cv-03649-TDC

Dear Judge Chuang:

      Pursuant to the Case Management Order issued on November 29, 2018 (ECF No. 3), please accept this letter as Defendants' Notice of Intent to File a Motion for Order for Mental Examination and Modification of the Scheduling Order.

      In this case, Plaintiff Jennifer Eller ("Plaintiff") asserts a litany of claims against Defendants arising out of her former employment with the Board of Education for Prince George's County. Specifically, Plaintiff alleges that she suffered a hostile work environment and was retaliated against because of her transgender status in violation of Title VII, Title IX, the Maryland Fair Employment Practices Act, and the Prince George's County Code.

      In her Complaint, Plaintiff alleges that she endured "substantial pain and suffering," "emotional trauma," "psychiatric counseling," "outpatient psychiatric hospitalization for PTSD," and "emotional distress" Compl. at ¶¶ 112, 114.

      On August 5, 2019, Plaintiff designated Dr. Randi Ettner, a clinical and forensic psychologist, as her expert witness. Dr. Ettner's report opined in part, "[t]he ceaseless harassment, discrimination and humiliation she was subjected to completely eroded her coping strategies and resilience, and resulted in the irremediable damage of what has now become chronic PTSD." In addition, Dr. Ettner concluded, "[i]t is my opinion that she requires ongoing psychotherapy for the foreseeable future including trauma-informed care, and closely supervised, lifelong psychopharmacotherapy."

In order for Defendants to defend against Plaintiff's claims, Defendants request an order for Plaintiff to attend an IME on Thursday, September 12, 2019, at 10:00 a.m.,[1] at 7610 Carroll Avenue, Suite 200, Takoma Park, Maryland 20912, to be performed by Marcellus R. Cephas, M.D., MBA ("Dr. Cephas"), a board certified psychiatrist.

Dr. Cephas' examination of Plaintiff is expected to include a standard forensic psychiatric evaluation of Plaintiff, assessing pertinent background information including past personal history and experiences, psychiatric history, medical history, and Plaintiff's description of the nature and origin of her alleged psychiatric injury, and how it has unfolded over time to the present.

Dr. Cephas may also administer the following psychological tests: Davidson Trauma Scale, Hamilton Rating Scale for Depression (HAM-D), the Diagnostic and Statistical Manual of Mental Disorders (DSM) IV and V Criteria for PTSD, the Mini-Mental State Examination (MMSE), the Mental Status Examination (MSE), the Minnesota Multiphasic Personality Inventory (MMPI), and the Beck Depression Scale.

Dr. Cephas' examination of Plaintiff is expected to last between 4-5 hours.

Fed R. Civ. P. 35 ("Rule 35") provides, that "the court . . . may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Moreover, Rule 35 provides that "the order: may be made only on motion for good cause. . ." Fed. R. Civ. P. 35(a)(2)(A).

In *Ricks v. Abbott Laboratories,* 198 F.R.D. 647, 648 (D. Md. 2001), this Court explained that a plaintiff who is claiming emotional distress damages will not be required to submit to an IME unless one or more of the following factors is present:

> (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of [Rule] 35(a).

*Id.* at 648-49 (citing *Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D. Colo. 1998).

Here, most of the elements above are clearly satisfied. First, Plaintiff has alleged a specific mental or psychiatric injury or disorder, namely PTSD. Compl. at ¶ 112 Second, Plaintiff has claimed unusually severe emotional distress and substantial pain and suffering. *Id.* Third, on August 5, 2019, Plaintiff served her Fed. R. Civ. P. 26(a)(2) disclosures in which her expert witness opines that Plaintiff has suffered emotional distress. Therefore, an IME is clearly justified as Plaintiff's mental state is in controversy.

---

[1] Defendants are of course willing to schedule the IME at any other mutually convenient time for Plaintiff and Dr. Cephas.

Defendants' Fed. R. Civ. P. 26(a)(2) disclosures are currently due on September 3, 2019. However, Defendants seek additional time to allow their expert to conduct Plaintiff's IME, review Plaintiff's medical records, and prepare his report.[2] The Court recently extended the expert disclosure deadlines on July 23, 2019 (ECF No. 35) to allow Plaintiff's expert additional time to prepare his report. Defendants request that the scheduling order be modified to extend all remaining deadlines by sixty (60) days. Such a modification will not prejudice any party.

Counsel for Defendants have, in good faith, sought the consent of counsel for Plaintiff prior to the filing of this Notice. *See* Ex. A. Counsel for Plaintiff have indicated that they do not consent to either the IME or the request for modification.

For all of the foregoing reasons, Defendants respectfully request that their Motion for Order for Mental Examination and Modification of the Scheduling Order be granted, that Plaintiff be ordered to submit to an IME as set forth above, and the deadlines be modified as set forth above.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

*James E. McCollum, Jr.*
James E. McCollum, Jr.

cc: All Counsel of Record (via CM/ECF)

---

[2] At the time Plaintiff served her Fed. R. Civ. P. 26(a)(2) disclosures, Dr. Cephas was on an international vacation with his family and did not return until August 15, 2019. Counsel for Defendant sought the consent of counsel for Plaintiff on August 15, 2019. *See* Ex. A. Counsel for Plaintiff did not respond until August 19, 2019. *Id.*

# Amit Sharma

**From:** Pompeo, Paul E. [Paul.Pompeo@arnoldporter.com]
**Sent:** Monday, August 19, 2019 5:56 PM
**To:** Amit Sharma; 'James McCollum'
**Cc:** McSorley, Tom; Mogul, Elliott; Rodriguez, Michael; 'Omar Gonzalez-Pagan'; 'Puneet Cheema'; 'Carl Charles'
**Subject:** RE: J. Eller

Amit:

As you know, Defendants will have to move for a court order to conduct an independent medical examination pursuant to Fed. R. Civ. P. 35.

Plaintiff cannot consent in the filing of that motion as you have not provided us sufficient information. In particular, you have not provided any background on Dr. Cephas's qualifications to evaluate the kind of emotional distress, pain, and suffering that Ms. Eller experienced as a result of the conditions of her employment with Defendants, nor his experience with transgender patients in particular. Plaintiff also cannot consent without further information about the scope of the proposed examination and the evaluation methodology that Dr. Cephas will use.

Further, Plaintiff will not consent at this time to an extension of Defendants' Fed. R. Civ. P. 26(a)(2) expert disclosures deadline, given that Defendants communicated their intention to have Dr. Cephas conduct an examination only two weeks before any report would be due.

Paul E. Pompeo
Partner, Government Contracts and National Security

Arnold & Porter

601 Massachusetts Avenue, NW
Washington, DC 20001

Telephone: +1 202.942.5723
paul.pompeo@aporter.com
www.arnoldporter.com

**From:** Amit Sharma <asharma@jmlaw.net>
**Sent:** Thursday, August 15, 2019 2:00 PM
**To:** Pompeo, Paul E. <Paul.Pompeo@arnoldporter.com>
**Cc:** McSorley, Tom <Tom.McSorley@arnoldporter.com>; Mogul, Elliott <Elliott.Mogul@arnoldporter.com>; Rodriguez, Michael <Michael.Rodriguez@arnoldporter.com>; 'Omar Gonzalez-Pagan' <ogonzalez-pagan@lambdalegal.org>; 'Puneet Cheema' <pcheema@lambdalegal.org>; 'Carl Charles' <ccharles@lambdalegal.org>; 'James McCollum' <jmccollum@jmlaw.net>
**Subject:** J. Eller
**Importance:** High

External E-mail

Good afternoon.

1



In light of Plaintiff's Expert Designation and Report, we will be moving the Court to conduct an independent medical evaluation (IME) of Ms. Eller pursuant to Fed. R. Civ. P. 35. Please inform us as to whether you will consent.

The IME will take place in Takoma Park, Maryland, and will be administered by Marcellus R. Cephas, M.D. Currently, Dr. Cephas is available on August 22, August 29, or September 12, 2019, and would like to begin the examination at 10:00 am. Please let me know which date Ms. Eller prefers. If she is unavailable, please provide us with available dates. In this regard, we will also be requesting that our deadline to designate and disclose, along with all remaining deadlines be extended by 60 days.

Thank you.

Very truly yours,

Amit K. Sharma
McCollum & Associates, LLC
7309 Baltimore Avenue, Suite 117
College Park, Maryland 20740
T: (301) 864-6070 Ext. 205
F: (301) 864-4351
asharma@jmlaw.net
www.jmlaw.net

IRS Circular 230 Disclosure: United States Treasury Regulations provide that a taxpayer may rely only on formal written advice meeting specific requirements to avoid federal tax penalties. Any tax advice in the text of this message, or in any attachment, does not meet those requirements and, accordingly, is not intended or written to be used, and cannot be used, by any recipient to avoid any penalties that may be imposed upon such recipient by the Internal Revenue Service.

IMPORTANT/CONFIDENTIAL: This message from the law firm of McCollum & Associates, LLC is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient (or authorized to act on behalf of the intended recipient) of this message, you may not disclose, forward, distribute, copy, or use this message or its contents. If you have received this communication in error, please notify us immediately by return e-mail and delete the original message from your e-mail system. Thank you.

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com